## C. E. PEARL *v.* H. C. ELLIOTT, ETC.

**Trusts—Debts Created by Trustee—Liability.**

Where a deed of trust was executed for the benefit of a widow and her infant children, empowering the trustee to continue the business of selling drugs and applying the profits to replenishing the stock and supporting the widow and children, the trustee can not purchase goods, convert them into trust property and then escape liability of payment for them, but the trust property is liable for the debts, and the debtors are not confined to the profits allowed.

**Trusts—Subjecting Trust Property to Debts—Parties.**

In a suit to subject trust property converted for the benefit of a widow and her infant children, to the payment of creditors who furnished goods in replenishing the trust property, the infant children are necessary parties.

**Trusts—Liability of Infant Beneficiaries.**

Infant beneficiaries are not subject to judgment rendered in a suit to subject a trust fund to the payment of creditors, unless they were parties to the suit and failed to respond, and not then without proof as to the nature of the liability.

**Trusts—Suit to Subject Trust Property to Payment of Creditors.**

In a suit to subject trust property to the payment of creditors all the creditors should be placed on an equal footing, except where liens have been actually created, and where one creditor contributed means to aid in paying on the goods, and if the extent of his interest in the goods on hand or sold by the receiver can not be ascertained all the creditors should be placed on an equal footing.

APPEAL FROM DAVIESS CIRCUIT COURT.

January 12, 1873.

OPINION BY JUDGE PRYOR:

There is no doubt but what the goods and effects belonging to the firm of Elliott & Pearl, or the firm as Elliott as trustee for Pearl, were liable for the firm debts.

The deed of trust from Smith to Elliott expressly authorizes the latter to continue the business of selling drugs and to apply the profits to replenishing the stock, supporting the family of Mrs. Pearl, etc. We can not well see how the business could be con-

ducted without selling the goods or drugs in the establishment when the trust was created. This was done by the trustee and other purchasers. There is no equity in permitting the purchase of goods in a case like this, and then sanctioning a refusal to pay for them for the reason that, after the purchase, they were converted into trust property.

Counsel for Mrs. Pearl insists that if this trust, guarded as it is, can not be enforced so as to secure Mrs. Pearl in the property, that it would be difficult to create one where the rights of a married woman, the beneficiary of the trust, could be secured. It must be recollected that in this case the deed creating the trust expressly confers upon the trustee the power to sell and purchase. It may be that he is required to purchase with the profits, but if this construction be given the instrument, it was not the duty of the vendor of the goods to know whether profits were realized or not. The parties, however, when the deed was executed, did not anticipate loss; if so, the trust would not have been made. Elliott was vested with all the power necessary to conduct such an establishment, and the firm property must pay the debts. The infant children of Mrs. Pearl were necessary parties to the proceeding to subject this property. They were the beneficiaries of the trust as well as the mother. They seem not to have been made defendants and no appearance by guardian ad litem.

Many of the claims against the trust estate, so far as appears from the record, were audited and allowed without proof. Jewell, who is also an appellant in this case, insists that as the debt asserted by him is against Smith and created prior to the voluntary conveyance to his daughter, he should occupy the position of a preferred creditor. Neither Mrs. Pearl nor the children are made defendants to his petition and there is no proof as to his claim. The judgment against Smith and the payment by Jewell of the bill is no evidence as against the beneficiaries of the trust unless they were made defendants and failed to respond, and not then without proof as to the nature of the liability on the bill as the parties who are interested in the property sought to be subjected are infants. If the claim is established, however, as alleged, it is not superior to that of the other creditors. These goods, or the proceeds, constitute the fund out of which the payment of the debts are to be realized, but inasmuch as Smith contributed the means to aid in carrying on the

business and the extent of that interest in the goods on hand, or sold by the receiver, can not be ascertained, it was equitable to place all the creditors on the same footing, except where liens actually existed.

The only error in the record is as to the proof of claims and the failure to make the infants defendants, so that the guardian ad litem, when appointed, may contest them. The case should again be referred to the commissioner to hear the proof of these claims when the infants are made defendants.

The judgment, for the reason indicated on the appeal of Mrs. Pearl, is reversed, and affirmed on the appeal of Jewell. The cause is remanded for further proceedings consistent herewith.

*Rodman, Sweeney & Sweeney, McKee, for appellant.*

*Weir, for appellees.*